*Weng v. Sessions*

BIA
Hom, IJ
A205 145 106

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

_____

MEI XIANG WENG, AKA, MEI CHUN LI, AKA, WENG XIANG,
> *Petitioner,*

v.                                          16-3378
                                            NAC

JEFFERSON B. SESSIONS, III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gerald Karikari, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Julie M. Iversen, Senior Litigation

Counsel; Lynda A. Do, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mei Xiang Weng, a native and citizen of the People's Republic of China, seeks review of a September 8, 2016, decision of the BIA affirming a May 19, 2015, decision of an Immigration Judge ("IJ") denying Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Xiang Weng,* No. A 205 145 106 (B.I.A. Sept. 8, 2016), *aff'g* No. A 205 145 106 (Immig. Ct. N.Y. City May 19, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8

2

U.S.C. § 1252(b)(4); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008)(per curiam); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I.    Past Persecution

Weng alleged that a police officer chased her out of an underground church gathering and threw a baton at her, hitting her in the back as she fled.  The agency was on sound footing in concluding that this single episode did not amount to persecution.  *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (upholding agency's conclusion that "minor bruising from [a pre-arrest] altercation with family planning officials, which required no formal medical attention and had no lasting physical effect," did not amount to persecution); *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (persecution "does not include every sort of treatment our society regards as offensive" (internal quotation marks and citation omitted)).

## II.    Well-Founded Fear of Future Persecution

Because Weng did not suffer past harm rising to the level

of persecution, she had the burden to establish an objectively reasonable fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1), (2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009). To meet this standard, an applicant must demonstrate that "she would be singled out individually for persecution," or that there is "a pattern or practice" of persecution of persons similarly situated to her. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008)(citation omitted); *see* 8 C.F.R. § 1208.13(b)(2)(iii).

Weng's evidence that she would be singled out for persecution was based on her claim of past harm. As the agency concluded, Weng failed to meet her burden of proof on this point because her allegation of past harm was not credible. 8 U.S.C. § 1158(b)(1)(B)(ii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Weng's submission of her Chinese birth certificate and translations and certificates showing that she both obtained

4

and had the birth certificate translated into English in July 2011 — before she was discovered at the underground church - undermined her allegation that she fled China because of that incident. The document confirming that the English translation conformed to the Chinese version is notarized in China and dated July 2011. Certified Administrative Record ("CAR") at 213-14. As the IJ found, this discrepancy is significant because Weng claimed that she did not consider leaving China until October 2011, after her encounter with the police. The IJ was not required to credit Weng's explanation—that she was attempting to reregister her Household Register in Fuzhou City in July 2011—because it did not explain the English translation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Although Weng further explained that the translation was done in the United States, that statement is contradicted by the certificate of translation dated July 2011 and notarized in

5

China.  CAR at 213 (Chinese version), 214 (English version). Although there is another certificate of translation from an individual in New York, *id.* at 205, that certificate does not negate the presence of the first.  This evidence wholly undermined Weng's claim.  *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (reasoning that "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence").

The adverse credibility determination is bolstered by Weng's testimony that she was able to travel through and depart China using her own national identification card and passport given her competing testimony that she was a fugitive and authorities were actively seeking her out.  *See Ying Li v. BCIS*, 529 F.3d 79, 82-83 (2d Cir. 2008).  Given that the finding was linked to Weng's assertion that she was a fugitive, it was not unduly speculative.  *See Siewe*, 480 F.3d at 168-69 (reasoning that although "bald" speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record

6

facts, or even a single fact, viewed in the light of common sense and ordinary experience").

The agency reasonably determined that, even crediting Weng's practice of Christianity in the United States, her practice did not provide a basis for relief because she did not establish a pattern or practice of persecution. Weng did not submit evidence of conditions in China. And State Department reports, of which the IJ took administrative notice, reflect that Chinese authorities harass and detain some Christian practitioners, but the reports do not reflect a nationwide pattern or practice of persecution of Christians or any incidents of persecution of Christians in Weng's home province of Fujian. U.S. Dep't of State, *Int'l Religious Freedom Report for 2013,* at 8-17, *available at* https://www.state.gov/documents/organization/222335.pdf; *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142-43, 149, 169-70 (2d Cir. 2008) (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to her local area when persecutory acts vary according to locality).

As the agency reasonably found that Weng failed to

establish the past persecution or objectively reasonable fear of future persecution needed for asylum, it did not err in denying withholding of removal or CAT relief, which carry heavier burdens.  *See Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED.  The pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk